IMG-308                                                                 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4558
_____

YAROSLAV BODNARUK,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-605-141)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 6, 2010

Before: FUENTES, VANASKIE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 20, 2010)

_____

OPINION
_____

PER CURIAM

        Yaroslav Bodnaruk, a native and citizen of Ukraine, petitions for review of the

Board of Immigration Appeals' ("BIA") final order of removal.  For the reasons that

follow, we will deny the petition.

I.

Bodnaruk entered the United States in 2001 and was ultimately placed in removal proceedings for having entered the country without inspection. He conceded his removability and, in 2007, applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In support of his application, he argued that he had been persecuted in Ukraine on account of his Baptist faith.

In January 2008, after a hearing on the merits, the Immigration Judge ("IJ") denied Bodnaruk's application. First, the IJ concluded that Bodnaruk's asylum claim was untimely. The IJ then turned to Bodnaruk's request for withholding of removal. Although not questioning Bodnaruk's faith as a Baptist, the IJ found that the rest of Bodnaruk's testimony was not credible, and that there was "practically no documentation" of any of the alleged instances of past persecution. (Admin. Rec. at 24.) The IJ further concluded that Bodnaruk had not otherwise established that he would be persecuted if removed to Ukraine. As a result, the IJ denied Bodnaruk's request for withholding of removal. The IJ also held that Bodnaruk had not established eligibility for CAT relief.

On appeal, the BIA agreed with the IJ that Bodnaruk's asylum claim was time-barred. The BIA also upheld the IJ's denial of withholding of removal. In doing so, the BIA affirmed the IJ's adverse credibility determination, noted that Bodnaruk had "failed

to adequately corroborate his claim," and concluded that "given the testimony of the expert witness and the background material in the record, including the State Department reports, we agree with the [IJ's] conclusion that [Bodnaruk] has not demonstrated that his life or freedom would be threatened if he is removed to Ukraine." (Id. at 4.) Finally, the BIA upheld the IJ's denial of Bodnaruk's CAT claim. Bodnaruk now seeks review of the BIA's decision.[1]

## II.

The scope of our review in this case is rather narrow, as Bodnaruk challenges only the agency's adverse credibility determination and its finding that he failed to provide sufficient corroborating evidence.[2] We review these findings for substantial evidence, see Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005), and must uphold them "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

Bodnaruk first argues that the agency erred in failing to consider his explanations for two of the inconsistencies between his application and his testimony. We disagree.

---

[1]We have jurisdiction over Bodnaruk's petition pursuant to 8 U.S.C. § 1252(a)(1).

[2]Bodnaruk has waived his right to challenge any other aspect of the agency's decision. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court.") (internal quotation marks and citation omitted). Although Bodnaruk does not challenge the denial of his asylum claim as untimely, we note that, even if he had done so, we would lack jurisdiction to review that denial. See 8 U.S.C. § 1158(a)(3); Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003).

3

His attempt to reconcile one of these inconsistencies was made for the first time in his brief, and thus was not a part of the record before the agency. The other inconsistency concerned whether he had suffered a broken hand during an alleged beating in 2000. While his application claimed that "nothing was fractured" during the beating, (see Admin. Rec. at 556), he testified that his hand was broken during the beating. (See id. at 147.) When the Government later highlighted this discrepancy on cross-examination, Bodnaruk retreated from his earlier testimony. Specifically, he testified that it was his "guess" that his hand had been broken and that his application stated otherwise because the clinic that had treated him had not taken X-rays of his hand. (See id. at 151.) This latter testimony does little to reconcile the discrepancy between his application and original testimony. We are confident that, rather than ignoring Bodnaruk's attempt to reconcile this discrepancy, the agency simply found his explanation unpersuasive, and Bodnaruk has not otherwise shown that the record compels a favorable credibility finding.

Bodnaruk's other argument is that "the corroboration demanded by the agency was unreasonable." Again, we disagree. Given the discrepancies between Bodnaruk's application and testimony, and the IJ's resultant adverse credibility determination, it was not unreasonable for the IJ to seek some form of corroboration. Although Bodnaruk did submit some documentation in support of his application, he does not argue, let alone establish, that this evidence compels a finding that he would likely be persecuted if

4

removed to Ukraine.

In light of the above, we will deny Bodnaruk's petition for review.