**IMG-022**                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3102
_____

YAROSLAV BODNARUK,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-605-141)
Immigration Judge:  Honorable Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 25, 2012

Before:  RENDELL, VANASKIE and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 30, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Yaroslav Bodnaruk petitions for review of the order of the Board of Immigration

Appeals ("BIA") denying his motion to reopen.  We will deny the petition.

I.

Bodnaruk is a Ukrainian citizen who entered the United States without inspection in 2001 and who concedes that he is removable on that basis. See 8 U.S.C. § 1182(a)(6)(A)(i). He applied for asylum, withholding of removal and relief under the Convention Against Torture on the ground that he suffered persecution by reason of his Baptist religion and fears such treatment in the future. He supported his claim with, inter alia, an expert report and background evidence concerning the treatment of Baptists in the Ukraine. (A.R. 286-93, 333-444.) The Immigration Judge ("IJ") denied Bodnaruk's application and ordered his removal to the Ukraine, subject to his ability to voluntarily depart, and the BIA dismissed his appeal on November 9, 2009. We denied his petition for review of that ruling. See Bodnaruk v. Att'y Gen., 397 F. App'x 805 (3d Cir. 2010).

Shortly thereafter, Bodnaruk filed the motion to reopen with the BIA at issue here. He acknowledged that the motion was untimely but argued that it fell within the exception to the time limitation for motions based on materially changed country conditions. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). In particular, he argued that various articles and country reports showed that conditions for Baptists in the Ukraine had deteriorated since his hearing before the IJ. The BIA disagreed and denied his motion as untimely on July 22, 2011. The BIA concluded that the incidents of societal violence described in Bodnaruk's new evidence were substantially similar to those described in the evidence he submitted to the IJ, that only one 2008 report of suspected arson even mentioned conduct directed at Baptists, and that the new evidence showed that, if anything, conditions had improved because the Ukrainian government

2

recently increased the penalty for hate crimes by legislation enacted in 2010. Bodnaruk petitions for review.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we review the denial of reopening for abuse of discretion. See Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009). We will not disturb the BIA's ruling unless it is "'arbitrary, irrational, or contrary to law.'" Zheng v. Att'y Gen., 549 F.3d 260, 265 (3d Cir. 2008) (citation omitted). We review the BIA's underlying assessment of the record for substantial evidence and may not disturb it unless "'any reasonable adjudicator would be compelled to conclude to the contrary.'" Liu, 555 F.3d at 148 (quoting 8 U.S.C. § 1252(b)(4)(B)).

We read Bodnaruk's brief to challenge the BIA's ruling on two grounds, but each lacks merit. First, Bodnaruk appears to take issue with the BIA's assessment of his evidence by asserting that it shows an escalation of violence against religious minorities in general and Baptists in particular. Our own review, however, confirms that the BIA's assessment is supported by substantial evidence. Only one of Bodnaruk's recent articles even mentions Baptists (A.R. 29), and neither that article nor Bodnaruk's other evidence compels the conclusion that conditions in the Ukraine have materially changed. To the contrary, we agree with the BIA that Bodnaruk's recent evidence (A.R. 22-85) describes conditions that are substantially the same as those described in the evidence he previously submitted to the IJ (A.R. 286-93, 333-444).

3

Second, Bodnaruk argues that the BIA abused its discretion by failing to set forth a legal standard for determining whether country conditions have materially changed and that the BIA's ruling is effectively unreviewable in the absence of such a standard. As support, Bodnaruk cites authority for the general proposition that the BIA is required to explain the rationale for its rulings. See, e.g., Lin v. U.S. Dep't of Justice, 416 F.3d 184, 192 (2d Cir. 2005). But the BIA did just that. The BIA cited the governing regulation regarding changed country conditions, and applied the appropriate standard for evaluating a changed country conditions claim. That standard requires that the BIA "'demonstrate that it has considered [the claimant's] evidence, even if only to dismiss it. In doing so, the BIA should provide us with more than cursory, summary or conclusory statements, so that we are able to discern its reasons for declining to afford relief to a petitioner.'" Zheng, 549 F.3d at 268 (quoting Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006)). In the present case, the BIA acknowledged Bodnaruk's new evidence, accurately summarized its contents, compared it with Bodnaruk's previous evidence, and explained why the new evidence did not show that conditions have changed since Bodnaruk's hearing before the IJ. No more was required of it.

For these reasons, we will deny the petition for review.